IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

YOUNG BO KIM, as successor in     )
interest to YOUNG JIN CORP.,      )
d/b/a EVE'S SHOES,                )
                                  )
        Plaintiff,                )
                                  )
vs.                               )      No. 11-2178-AV
                                  )
STATE FARM INSURANCE COMPANIES,   )
                                  )
        Defendant.                )
_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SANCTIONS
_____

Before the court is the February 17, 2012 motion of the defendant, State Farm Insurance Companies, for sanctions pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. (D.E. 16.) State Farm seeks the dismissal of the plaintiff's complaint as a sanction for the plaintiff's failing to comply with the court's December 1, 2011 order compelling the plaintiff to file responses to outstanding discovery no later than December 23, 2011. State Farm also seeks reasonable expenses, including attorney's fees, associated with the motion.

The motion was referred to the United States Magistrate Judge for a determination.[1] The plaintiff has not responded to the motion, and the time for response has expired. For the reasons that follow, it is recommended that State Farm's motion for

---

[1] Because the motion for sanctions asks for dismissal of the case, the magistrate judge submits this report and recommendation.

sanctions be granted in part and denied in part.

State Farm served its First Set of Interrogatories and Request for Production of Documents on the plaintiff on August 4, 2011. The plaintiff did not respond to the discovery requests, and on December 1, 2011, State Farm filed its Unopposed Motion to Compel Responses to Discovery. The court granted State Farm's motion to compel on December 1, 2011, and ordered the plaintiff to respond to the discovery requests on or before December 23, 2011. The plaintiff has failed to provide responses as directed by the court.

On February 16, 2012, State Farm filed this present motion to dismiss the complaint as a sanction for failing to comply with the court's order. The plaintiff's response to the motion was due on March 6, 2012, and the plaintiff has failed to file a responsive pleading to the motion.

If a party fails to obey an order of the court to provide discovery, the court "may issue further just orders" including the imposition of any of the sanctions listed in Rule 37(b)(2)(A)(i) – (vii), among which is dismissal of the action or prohibiting the disobedient party from supporting claims with designated matters or from introducing designated matters into evidence. FED. R. CIV. P. 37(b)(2)(A)(v). In lieu of the sanctions set forth in subsections (i) – (vii) of Rule 37(b)(2)(A), or in addition to those sanctions, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the

failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

It appears to the court that sanctions should be imposed on the plaintiff for failure to cooperate in the discovery process and for failure to obey a court order but that the sanction of dismissal is not appropriate at this time. The imposition of expenses against the plaintiff, including attorney's fees, is warranted to compensate State Farm for the expenses incurred in preparing and bringing this motion.

The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort."  *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).  In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens*, Inc., 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

The first factor of the Sixth Circuit's test is satisfied

because the plaintiff's failure to respond to the interrogatories and request for documents is due to his own willfulness and fault. To dismiss an action under Rule 37 the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland,* 103 F.3d at 1277. In the present action, the plaintiff has had over six months to respond to State Farm's discovery requests but has failed to do so. In addition, the plaintiff has ignored an order of the court to provide the discovery. This course of conduct constitutes a clear record of delay and contumacious conduct.

The second factor is satisfied because State Farm has been unable to move forward in preparing its defense without obtaining the plaintiff's discovery responses. Furthermore, State Farm has had to waste time, money and effort in pursuit of cooperation that the plaintiff was legally obligated to provide under the Federal Rules and the order granting motion to compel.

The third factor, however, is not satisfied. There is no indication that plaintiff has been made aware that failure to comply with the discovery requests would result in dismissal of his case. Because the third factor is not satisfied, the final factor does not need to be addressed.

Accordingly, it is recommended that State Farm's motion to dismiss the complaint for the plaintiff's failure to respond to discovery requests and to obey an order of the court be denied at

this time but that a lesser sanction be imposed such as prohibiting the plaintiff from supporting his claims with and introducing into evidence any evidence which would have been responsive to State Farm's discovery requests.  It is further recommended that the plaintiff be ordered to pay the reasonable expenses, including attorney's fees, caused by his failure to appear to respond to discovery requests.

The plaintiff is warned that any additional failure to comply with other discovery requests and other orders of this court will lead to dismissal of his lawsuit under Rule 37 as a sanction or under Rule 41 for failure to comply with a court order.

Respectfully submitted this 14th day of March, 2012.

  S/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.