IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **YOUNG BO KIM, as successor in interest to YOUNG JIN CORP., d/b/a EVE'S SHOES**  )<br>)<br>)<br>) | |
| **Plaintiffs,**  )<br>) | |
| v.  ) | No. 11-2178-STA-dkv |
| )<br>**STATE FARM INSURANCE COMPANIES**  )<br>)<br>) | |
| **Defendant.** | |

**CONSENT ORDER GRANTING
DEFENDANT'S MOTION FOR SANCTIONS AND ADOPTING REPORT AND
RECOMMENDATION**

Before the Court is Defendant's Motion for Sanctions (D.E. # 16), filed on February 17, 2012. Specifically, Defendant moved this Court for entry of an order dismissing Plaintiffs' cause of action with prejudice as a sanction for Plaintiffs' failure to comply with this Court's Order, which required Plaintiffs to respond to outstanding discovery no later than December 23, 2011. (D.E. # 14.) Further, Defendant moved this Court for entry of an order requiring Plaintiffs to pay the reasonable expenses, including attorney's fees, incurred by Defendant due to Plaintiffs' failure to comply with this Court's Order.

Upon review of the Motion and Memorandum filed by Defendant, on March 14, 2012, Magistrate Judge Diane K. Vescovo filed a Report and Recommendation. (D.E. # 18.) The Magistrate Judge's Report and Recommendation provided that (1) dismissal of the action is not warranted at this time, (2) some lesser sanction should properly be imposed, and (3) Plaintiffs be ordered to pay Defendant's reasonable expense associated with the Motion for Sanctions.

Plaintiffs' counsel subsequently filed objections to the Magistrate Judge's Report and Recommendation on March 28, 2012.  (D.E. # 19.)  Plaintiffs' counsel took responsibility for the failure to timely comply with this Court's order and asked that the Court not prejudice Plaintiffs' ability to proceed with this suit as a result of counsel's mistakes.

The parties have subsequently conferred and have reached an agreement as to what sanctions should be levied as a result of Plaintiffs' failure to timely respond to discovery.  The parties have agreed that the Rule 16 Scheduling Order entered on June 6, 2011, (D.E. # 8) shall be modified so as to provide Defendant an opportunity to take depositions and file dispositive motions, should it so choose.

Specifically, the Scheduling Order shall be modified to provide that the following dates shall be established for the benefit of Defendant:

>    DEPOSITIONS:  **June 29, 2012**
>
>    FILING DISPOSITIVE MOTIONS:  **August 31, 2012**

By agreement, the current deadlines set forth in the Scheduling Order (D.E. # 8) shall still apply as to Plaintiffs.

Further, the parties have agreed that Plaintiffs will pay the reasonable expenses, including attorney's fees, associated with Defendant's motion, but that such payment will not be made until the conclusion of this litigation, by settlement, dismissal, or judgment. Lastly, though Plaintiffs provided discovery responses on or around March 27, 2012, Defendant reserves the right to seek further assistance of the Court with regard to the accuracy or adequacy of the responses and documents provided by Plaintiffs' counsel.

The Court finds the parties' proposed sanctions appropriate.  Therefore, the Court orders Plaintiffs to pay the reasonable expense associated with Defendant's motion, but such payment will not be made until the conclusion of this litigation, by settlement, dismissal or judgment. Further, the Rule 16 Scheduling Order shall be modified so as to provide Defendant an

opportunity to take depositions and file dispositive motions, should it so choose. Specifically, the following dates shall be established for the benefit of Defendant:

> DEPOSITIONS:  **June 29, 2012**
>
> FILING DISPOSITIVE MOTIONS:  **August 31, 2012**

However, the deadlines set forth in the original scheduling order shall still apply as to Plaintiffs.

Though Plaintiffs provided discovery responses on or around March 27, 2012, Defendant has reserved the right to seek further assistance of the Court with regard to the accuracy or adequacy of the responses and documents provided by Plaintiffs' counsel. Therefore, this Order shall in no way prejudice Defendant's ability to challenge the accuracy, completeness, and adequacy of these responses or to bring further motions before this Court related thereto.

**IT IS SO ORDERED** this 9th day of April, 2012.

                                                  **s/ S. Thomas Anderson**
                                                  S. THOMAS ANDERSON
                                                  UNITED STATES DISTRICT JUDGE